[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #105
The plaintiff, Litchfield Mutual Fire Insurance Company (Litchfield Mutual) filed a declaratory judgment action against the defendants, Stephen Skridulis and Diana Bone, on February 5, 1999. Litchfield Mutual seeks an adjudication on the issue of whether it owes a duty to defend or indemnify Bone. In the underlying action, Skridulis filed a four count complaint dated November 17, 1993 against Bone, alleging that, through false accusations and malicious statements, she caused Skridulis to suffer severe emotional distress, injury to his reputation and loss of access to personal property. At the time of these allegations, Litchfield Mutual had issued to Bone a farmowner's policy of insurance. Bone then requested that Litchfield Mutual defend and indemnify her with respect to the allegations in Skridulis' complaint.
On March 14, 2000, Litchfield Mutual filed a motion for summary judgment moving that it has no duty to defend or indemnity Bone in connection with the allegations set forth in Skridulis' complaint, on the ground that no genuine issue of material fact exists and that Litchfield Mutual is entitled to judgment as a matter of law.
Litchfield Mutual and Bone have each filed memoranda of law with regard to their respective positions and attached supporting documentation. Litchfield Mutual has further filed a reply memorandum in support of its motion for summary judgment with additional supporting documentation.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . (Citation omitted) Miles v. Foley,253 Conn. 381, 385, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 30G. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of CT Page 11696 substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
Litchfield Mutual argues that summary judgment should be granted because the language of the insurance policy expressly excludes coverage for the alleged conduct of Bone. Specifically, it argues that the Skridulis complaint does not allege "bodily injury' or "property damage' within the meaning of the insurance policy, that the Skridulis complaint does not allege an "occurrence' within the meaning of the insurance policy, and that the losses claimed in the Skridulis complaint are alleged to be the result of intentional and malicious acts by Bone within an exclusion for such losses contained in the policy.
Bone argues that Litchfield Mutual has at least a duty to defend her and that indemnification by Litchfield Mutual is premature at this stage of the litigation. Bone contends that the policy is ambiguous, so the terms of the policy should be construed in her favor. Bone further argues that the complaint sufficiently alleges "property damage' and an "occurrence' within the meaning of the policy and that even if Bone's conduct is considered intentional, it does not fall within the exclusionary provision of the insurance policy.
"Construction of a contract of insurance presents a question of law for the court . . ." Moore v. Continental Casualty Co., 252 Conn. 405. 409,746 A.2d 1252 (2000). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." Id. "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Id. "Although ambiguities are to be construed against the insurer, when the language is plain, no such construction is to be applied." Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, 231 Conn. 756, 770, 653 A.2d 122 (1995).
In his complaint, Skridulis alleged that Bone, through false accusations and malicious statements, caused Skridulis to suffer severe emotional distress, injury to his reputation and loss of access to personal property. Litchfield Mutual and Bone contend that the language in the farmowner's insurance policy supports their respective positions.
The insurance policy defines "property damage' as "physical injury to tangible property. This includes the loss of use." (Litchfield Mutual's Exhibit C.) Litchfield Mutual argues that summary judgment should be granted because the complaint failed to allege any physical injury to property. Relying upon the second sentence of the definition, Bone argues CT Page 11697 that the plaintiff has a duty to defend with respect to Skridulis' alleged temporary loss of use of property. In the complaint, it was alleged that Skridulis suffered a temporary loss of access to his personal property in counts one and two, which was further incorporated into counts three and four. In Moore v. Continental Casualty Co., supra, the court interpreted similar policy provisions and suggested that coverage for property damage requires some aspect of harm because the definition of property damage' includes physical damage.
In further support of her argument, Bone attached a portion of Skridulis' deposition testimony to her memorandum in opposition.[1] The portion of the deposition testimony provided by Bone demonstrates the existence of a genuine issue of material fact with respect to property damage. Specifically, Skridulis testified that "[e]verything that [he] had there she damaged . . . [a] lot of things were destroyed."[2] (Exhibit E, p. 15.) The deposition testimony, along with the allegations in the Skridulis complaint, demonstrate the existence of a genuine issue of material fact, specifically, whether there was physical property damage and a loss of use of property . . . If proven, Litchfield Mutual may have a duty to indemnify based on the language of the policy.
Litchfield Mutual further argues that the Skridulis complaint is expressly based on intentional and malicious conduct and that the insurance policy excludes coverage for such conduct. Bone argues that she is entitled to coverage under the policy for bodily injury to persons by reason of negligence or accident and that, even if the exclusion in the policy was applicable, it does not apply to "bodily injury' that arises out of the use of reasonable force to protect people or property.
"Negligence is the breach of the duty of care owed to another individual . . . (i]n a simple negligence case, the standard of care is generally that of an ordinary reasonable prudent person in the defendant's position." (Citations omitted.) Godwin v. Danbury EvePhysicians Surgeons. P.C., Superior Court, judicial district of Danbury, Docket No. 317815 (April 15, 1996, Moraghan, J.) (17 Conn. L. Rptr. 541). Here, Skridulis alleged in his complaint that Bone should have realized that her conduct involved an unreasonable risk of causing the plaintiff to suffer emotional distress and that such distress might result in illness or bodily harm. Skridulis further alleged that the emotional distress he experienced was reasonably foreseeable. Although Skridulis did not specifically allege negligent conduct, the complaint contains allegations, such as "unreasonable risk' and "reasonably foreseeable," which sound in negligence. Count four of the Skridulis complaint, which sounds in negligence, cannot be based solely on intentional and malicious conduct. CT Page 11698
The complaint and the deposition testimony support Bone's argument that a genuine issue of material fact exists with respect to property damage. Skridulis made allegations of property damage in all four counts of his complaint. Further, count four of the Skridulis complaint sounds in negligence, thereby raising a genuine issue of fact as to whether Bone's alleged conduct was intentional or negligent.
The court finds that a genuine issue of material fact exists as to all four counts of the Skridulis complaint. The court, therefore, need not address Litchfield Mutual's additional arguments.
Accordingly, Litchfield Mutual's motion for summary judgment is denied.
So ordered.
BY THE COURT,
PETER EMMETT WIESE, J.